[Decided January 7, 1887.]

## OREGON RAILWAY AND NAVIGATION COMPANY *v*. R. G. O'BRIEN.

PRACTICE — APPEAL — BRIEFS — DISMISSAL. — The failure of the appellant to file a brief as required by the rules of the Supreme Court, without excuse or extenuation, is such a substantial disregard of the rules as will entitle the appellee to have the appeal dismissed. LANGFORD, J., dissenting.

APPEAL from the District Court holding terms at Olympia. Second District.

The eighth rule of the Supreme Court provided that "in all cases to be argued, each party must furnish to the court and opposite party printed briefs of his points and authorities." The appellant failed to comply with this rule, and failed to make any showing by way of excuse or extenuation for this disregard of the rule. Appellee moved to dismiss.

*Messrs. McNaught, Ferry, McNaught, & Mitchell,* for the Appellant.

*Mr. T. M. Reed, Jr.,* for the Appellee.

Mr. Chief Justice GREENE delivered the opinion of the court.

Appellee moves to dismiss this appeal for want of briefs, and cites in support of his motion some cases from the California Reports. Appellant insists that it has the right to have the cause considered on the errors assigned without briefs, and attempts a distinction between our rule 8 requiring briefs and the rule of the California Supreme Court on which the decisions of the court are founded. But we think that our rule cannot receive any sensible construction which will make it less imperative in all cases to be litigated here than the rule of the California court. It says that "in all cases to be argued, each party must furnish to the court and opposite party printed briefs of his points and authorities," —that is, if a case "is to argued" by both parties or by either party, "each party" must furnish a brief. Now, the words "to be argued" cannot mean actual argumentation, for whether the case would even get to actual argument could not be foreseen at the time for filing briefs. Nor can they refer to the individual intention or expectation of either party, for neither would have the right to close the lips of the other; and if either is to speak, the court has a right to hear, and ought to have opportunity to know what can be said for the other. The words "to be argued" are equivalent to the words "to be heard,"—i. e., submitted for determination. If the appellant wants his case heard, he can easily file a brief; but if he is not earnest enough for a hearing to file a brief, why should the time of judges, for whom other suitors are waiting, be taken up with his case? A case in court has always its particular interest to the parties

to it, but a decision by a court of last resort has an interest as a guide to civil conduct for all members of the commonwealth.   It is of great public importance within this territory that the decisions of this court should not be rendered without the best light attainable.   Briefs and *viva voce* argument, especially the latter, accompanied by the aid to memory offered by the former, are of inestimable value in enabling a court to plant its decisions upon sound and enduring principles.   This it is that furnishes the best possible and easiest applicable check upon and safeguard against hasty and injurious adjudication.   Our rule requiring briefs was not adopted for the individual convenience of the justices, but for the good of the general public.   We regard it as a most beneficent and salutary provision, and are disposed to insist on a strict compliance with it.   We do not regard the second section of the "act in relation to the removal of causes to the Supreme Court" as intended or operating to prevent this court from making rules, nor from insisting upon obedience to rules lawfully made, but only as providing that in hearing and determining causes the merits should be regarded and technicalities disregarded.   Failure to file briefs, nothing being shown by way of excuse or extenuation, is not a technical, but a substantial, disregard of the rules of court.

The motion must be granted.

TURNER, J., concurred.

Mr. Justice LANGFORD delivered the following dissenting opinion: —

The court has full jurisdiction of this cause.   The last statute upon the subject now before the court is that of November 23, 1883.   Section 2 of this act provides as follows: "*That the Supreme Court shall hear and determine all causes removed thereto in the manner hereinbefore provided, upon the merits thereof, disregarding all technicalities.*" This cause has been removed to this court.   Since its

removal error has been assigned, and under our rules issues joined thereon. The act declares that this court shall hear the cause on the merits and determine it upon the merits, and upon this hearing we must disregard all technicalities. There is no ambiguity nor uncertainty about the phrase "hearing upon the merits." The phrase has one clear meaning, and only one. The phrase was well understood before the legislative act and since. It is now understood by this court. It is used in rule 7 of this court, and it was used in the rules of this court at the time the act of 1883 was passed. By both sets of rules, a hearing on motions aside from the merits and a hearing upon the merits are distinguished. For this court to say that the legislature did not mean what its language plainly and unambiguously expresses, is equivalent to our saying that no act of the legislature shall bind or control this court. When the languuge of an act is plain, it is not within the province of the court to disregard it. When ambiguous, the court may refer to the context, the subject-matter, and the spirit and reason of the law, for the purpose of arriving at the meaning. Suppose we disregard the plain and clear import of the language, and thus to avoid the law violate the first rule of construction. Refer to the context, and we find nothing to modify the meaning expressed. The subject-matter is the manner in which a case shall be heard, and we find nothing here to modify the express words. The spirit and reason of the law emphasizes the words of the act. Right or wrong, it was a notorious fact that the practice of this court had been to dismiss many cases without a hearing upon the merits. It is clear that this act of 1883 was passed to prevent this practice in the future, because in the opinion of the legislature this practice was contrary to public policy. Can it be then said that section 2 did not change the practice in this respect? If so, it is equivalent to saying that the legislature by section 2 meant nothing at all. Suppose we

take the statutory language, "All causes shall be tried on the merits," and this court adopts the rule, "No cause not brought up to the hearing in the exact manner prescribed by the rules of this court shall be tried upon the merits, but shall be dismissed, and such hearing refused," such a rule would be in plain conflict with the statute. Is a rule of court in conflict with a statute valid? If such a rule would be void, can this court by its decision establish a rule indirectly which it could not establish directly? The argument as to the policy of the act is not one proper to be used by the court or in the court. Such arguments should be used only in the legislature. The legislature is the sole judge of the policy of the act. This court has no right or power to judge of the policy. To do so is to assume legislative functions. For the court to assume legislative functions is as evil as for the executive or legislative departments to assume judicial functions. Such assumptions are usurpations, and tend to subvert the very principles of the government upon which human rights are founded and maintained.

For the reasons aforesaid, it is my clear and decided opinion that no motion to affirm should be heard except it be founded upon the express or implied agreement of the parties, and no motion to dismiss ought to be entertained as to the entire case, except a want of jurisdiction as to the persons, or of any part of the subject-matter. If this court has jurisdiction of the persons and of any portion of the subject-matter, this court must try such subject-matter upon the merits.